American Appraisal Co. v. Pio, 246 Ill. App. 467.

# American Appraisal Company, Appellee, v. James Percival Pio, Appellant.

## Gen. No. 31,739.

1. ATTORNEY AND CLIENT—*liability of attorney contracting without disclosing agency for client.* An attorney who does not disclose that he is acting for his clients nor disclose their names in employing an appraisal company to make an appraisal of his clients' land for use in a condemnation proceeding makes a contract personal to himself and is liable to the company, particularly where the attorney paid various sums on account of the company's demand for services and disbursements without making any claim he was acting for a principal until failure to pay the balance due, and where he received many statements of account without disputing them and in writing admitted his liability and promised to pay.

2. ATTORNEY AND CLIENT—*instruction on liability of attorney on contract benefiting client.* In an action against an attorney on conflicting evidence whether he made a contract as personal to himself or as agent for a client, an instruction that if the jury believed the attorney was the agent and the parties knew he was only the agent and that he was not binding himself as agent, that the jury might consider that fact, and if he was acting as agent and binding somebody else as agent, that the jury might consider that fact, held favorable to the attorney and to the giving of which at his instance he had no cause for complaint.

3. TRIAL—*right of trial judge to change verdict by increasing the amount.* In an action to recover an amount due on a contract to appraise land, the trial judge has no right to change the verdict for plaintiff by increasing it to the full amount of the claim, since the court could only set it aside and award a new trial.

4. APPEAL AND ERROR—*right to enter judgment for increased amount.* On an appeal by the defendant from a judgment for plaintiff in the Municipal Court of Chicago, the court has no power to enter a judgment for plaintiff for an increased amount, particularly where the plaintiff has not assigned any cross-errors and has not asked for a reversal with a demand for a new trial.

Appeal by defendant from the Municipal Court of Chicago; the Hon. DANIEL P. TRUDE, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1927. Affirmed. Opinion filed November 23, 1927.

WILLIAM H. KATT, for appellant.

DITTUS & CHATROOP, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

In this action plaintiff sought to recover of defendant for services and disbursements made in the appraisal of certain property on South Park avenue, Chicago, for use in condemnation proceedings for defendant, and at his request, in which a balance of $793.83 is claimed to be due.

Defendant denied that he ever employed plaintiff to make the appraisal of the South Park avenue property, as claimed by plaintiff, but avers that he was the attorney for such property in certain condemnation proceedings, and that as such attorney he requested plaintiff to make appraisals, etc., for his clients, the owners of the property, and that defendant was not the owner of the property and had no interest therein. That he collected the sum of $1,300 from the owners, and paid the same to the plaintiff solely as such attorney.

There was a trial before the court and a jury. The verdict was in favor of plaintiff and against defendant for $578.53, on which, after denying the usual formal motions, there was a judgment, and defendant appeals.

Defendant urges for reversal procedural errors in the admission of evidence, in instructions to the jury, and refusal to instruct upon due request a verdict in favor of defendant.

If defendant, in his capacity as lawyer, acting for his clients, employed the plaintiff to render service for such clients and disclosed to plaintiff the names of his clients for whom he was acting, then defendant would not be liable to plaintiff for services rendered for his principals or for disbursements made for their

account. This, however, is not the situation as developed by the evidence. The defendant's employment of plaintiff was personal to himself. He made no mention of representing any clients to the plaintiff or engaged its services for such clients. He made no disclosures to plaintiff regarding his representing clients at the time he engaged its services, or at any time subsequently during the time plaintiff rendered service. It he was acting for others, he did not disclose that fact to plaintiff or disclose the names of his principals. Failing so to do the contract was personal between the parties to the suit. If one contracts for others without disclosing for whom he is acting, then the contract becomes personal. The necessity for disclosing who the principals are is to give the contracting party the opportunity to make inquiry as to the fact, and then to determine whether he is satisfied that such persons are the principals of the agent, and if they are, then whether such party is willing to extend credit to such principals. Failing to disclose his now claimed principals to plaintiff, defendant by his contract bound himself personally. All defendant's actions stamp him as the party contracted with. He paid plaintiff, in varying sums, $1,300 on account of plaintiff's demand for services and disbursements, and never represented or claimed that he was paying the same for any principals disclosed or undisclosed, and not until he failed to pay the balance of the account due, did he make any claim that he was acting in the matter for others. Furthermore, defendant received many statements of account without disputing them and in writing admitted his liability and promised to pay the balance claimed to be due at the time of the commencement of this suit. His claim of acting for others comes too late, in the face of his admissions, both verbally and by letter, that he was liable for the debt under the contract, verbally made with plaintiff.

We think the verdict of the jury and the judgment of the court are sustained by the proofs. Defendant was his only witness, and the burden of his evidence is his claim that he was acting, in making the contract of employment, for clients, whose names he at no time disclosed, until he filed his amended affidavit of merits, and in that document he makes no claim that he told plaintiff or any one for it, at the time of the making of the contract, that he was representing clients or that he named any of them or gave any information in relation to them. The governing rule is stated in *Mulligan v. Cannon*, 25 Civ. Proc. 348, 41 N. Y. S. 279, cited in defendant's brief, that:

"The attorney cannot be held personally liable unless upon an express promise to that effect, proof of circumstances from which such promise may be justly inferred or notice to the third party of lack of authority in the attorney."

Defendant has brought himself within the exception to the general rule as above laid down.

We have carefully studied the oral instructions given by the trial judge to the jury and are of the opinion therefrom that the jury were sufficiently and accurately instructed as to the law applicable to the facts in evidence. After instructing the jury on motion of defendant the court gave an additional instruction which was in part: "On the question of agency you have heard the testimony of the witnesses as to what, how they were acting, and what was said by the parties, and if you believe that Mr. Pio was the agent and the parties knew he was only the agent and that he wasn't binding himself as agent, why then you may consider that fact; if he was acting as agent and binding somebody else as agent you may consider that fact in determining your verdict." We think this instruction was quite favorable to defendant and to the giving of which at his special instance he has no cause of complaint.

We find numerous rulings in the admission of certain letters and copies of letters. The proofs regarding them were sufficient under well-settled rules of evidence, making them admissible. Defendant made no suggestion that they were not authentic on his examination as a witness in his own behalf.

Plaintiff insists that the verdict should have been for the full amount of its claim $713.53, and requested the trial judge to change the verdict to that amount, which the court refused to do, as he had no power to change the verdict in any respect, except to set it aside and award a new trial. Now plaintiff asks this court to enter a judgment here for $713.53. This we have no power to do. We might reverse the judgment and remand the cause for a new trial, but plaintiff does not ask us so to do, and has not assigned any cross errors.

As we find no reversible error in the record, the judgment of the municipal court is affirmed.

*Affirmed.*

TAYLOR, P. J. and WILSON, J., concur.